Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 180 | **DATE** | 8/18/2000 |
| **CASE TITLE** | RELATIONAL FUNDING CORPORATION vs. SIEMENS INFORMATION, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order: The Court denies defendants' motion to dismiss count II of the complaint [8-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 2 3 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 AUG 22 AM 8: 43 | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RELATIONAL FUNDING CORPORATION,

   Plaintiff,

v.

SIEMENS INFORMATION AND
COMMUNICATIONS NETWORKS, INC.
f/k/a SIEMENS BUSINESS
COMMUNICATIONS SYSTEMS, INC.,
and SIEMENS BUSINESS
COMMUNICATIONS SYSTEMS, INC.,

   Defendants.

No. 00 C 0180
Judge Ronald A. Guzman

DOCKETED
AUG 2 3 2000

## MEMORANDUM OPINION AND ORDER

Pending is defendants' motion to dismiss Count II of plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is denied.

## BACKGROUND

Relational Funding Corporation ("RFC") consummated a Transferee Agreement where RFC became the lessor—by assignment—of 286 laptop computers to Siemens Business Communications Systems ("SBCS"). (See Pl.'s Ex. 2, 5.) The lease term ended on September 1, 1999. (Compl. at ¶ 20.) On January 11, 2000, RFC filed its two-count complaint alleging that SBCS's successor, via corporate merger, Siemens Information and Communications Networks ("SICN") has returned some, but not all of the equipment subject of the lease between RFC and

1

13

SBCS. (Compl. at ¶¶ 2, 20.) Count I, which is not the concern of this motion, sounds in breach of contract demanding money damages for defendants' alleged breach of the lease agreement. Count II of plaintiff's complaint, titled "Replevin", is an action to recover personal property or its value, which was subject of the lease agreement.

Subsequent to RFC's filing of this action, SICN returned equipment to RFC, which SICN contends is the equipment SBCS leased from RFC. (Def's Reply at 1, 2.) RFC, however, charges that although SICN returned equipment to RFC, a substantial amount of the equipment returned is not the equipment RFC in fact leased to SBCS. (Pl.'s Sur-Reply at 1, 2.) RFC points out that many discrepancies exists between the serial numbers of the equipment leased by RFC and the serial numbers of the equipment returned to RFC's agent for collection by SICN. *Id.*

Defendants now move to dismiss Count II of the complaint for failure to state a claim upon which relief can be granted pursuant to F. R. Civ. P. Rule 12(b)(6) on the grounds that plaintiff fails to follow the statutory guidelines in pleading a Replevin claim, and is now trying to reformulate its Replevin claim in to a common law "Detinue" action.

## DISCUSSION

I.  LEGAL STANDARD

A motion to dismiss pursuant to F. R. Civ. P. 12(b)(6) does not test whether a plaintiff will prevail on the merits, but instead examines whether the claimant has appropriately stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In considering a motion to dismiss, the court must accept all well-pleaded facts as true, draw all reasonable inferences in favor of the plaintiff, and resolve all ambiguities in favor of the plaintiff. *See Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992). To that end, the federal pleading system does not prefer dismissal for failure to state a claim. *See Gray v. County of Dan*,

854 F.2d 179, 182 (7th Cir. 1988). Consequently under rule 12(b)(6), the question presented to the court is whether relief is possible under any set of facts that could be established consistent with the allegations. *See Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992).

II. DEFENDANTS' MOTION TO DISMISS COUNT II

Defendants' main contention is that because plaintiff fails to strictly follow the requirements of Illinois' Replevin Statute, 735 ILL. COMP. STAT., 5/19-104, plaintiff's complaint fails as a matter of law. Defendants point to two defects in plaintiff's pleading a replevin claim. First, defendants argue that plaintiff neglected to verify its complaint as required by Illinois' Replevin Statute. Second, defendants aver that RLC does not allege that defendants are wrongfully detaining the property at issue as required by Illinois statute. More specifically, defendants suggest that because plaintiff seeks payment for past due rent and continuing renewal rent, plaintiff is acknowledging that defendant Siemens has right to rent after lease term, and therefore defendants' possession cannot be characterized as wrongful.

RFC does not deny that its complaint falls short of the Illinois replevin requirement that its complaint must be verified.[1] In fact, RFC does not allege that it submits a replevin claim at all. Instead, RFC claims that Count II substantively sounds in "Detinue", and is only nominally titled "Replevin". (Pl.'s Resp. at ¶ 3.) RFC further claims that because detinue does not require a verified complaint, RFC's complaint does not demand dismissal.

We recognize that "[t]he complaint need not specify the correct legal theory nor point to the right statute to survive a Rule 12(b)(6) motion to dismiss." *Whitehead v. AM International,*

---

[1] The statute provides that [a]n action in replevin shall be commenced by the filing of a verified complaint" 735 ILL. COMP. STAT., 5/19-104. Defendants correctly note that "[t]he requirements of the statute must be strictly followed." *Harris Graphics Corporation v. F.C.L. Graphics, Inc.*, 84 C 5814, 1987 WL 13433, *1 (N.D.Ill. June 30, 1987); *International Harvester Credit Corp. v. Helland*, 130 Ill. App. 3d 836, 838, 474 N.E.2d 882, 884, 85 Ill. Dec. 922, 924 (Ill. App. 1985); *Jim's Furniture Mart, Inc. v. Harris*, 42 Ill. App. 3d 488, 490, 356 N.E.2d 175, 176, 1 Ill. Dec. 175, 176 (Ill. App. 1976).

3

*Inc.*, 860 F.Supp. 1280, 1286 (N.D.Ill. 1994). In fact, pleading an incorrect legal theory is not fatal. *See Id.* Moreover, a complaint need not set out any legal theory. *See Bartholet*, 953 F.2d at 1078. The only requirement is that "[t]he complaint must...state either direct or inferential allegations to establish the necessary elements for recovery under the chosen legal theory." *Id.* "Having specified the wrong done to him, a plaintiff may substitute one legal theory for another without altering the complaint." *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997); *see also, Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772, 775 (7th Cir. 1976) (noting plaintiff's "misconceived legal theory of its case does not preclude it from obtaining relief under another legal theory.").[2] Therefore, the issue becomes whether RFC sufficiently states a claim for relief under its chosen theory, the Illinois common law remedy of detinue.[3]

No statutory provisions exist for an action in detinue. *See Martin v. Cole*, 331 Ill. App. 597, 73 N.E.2d 633 (Ill. App. 1947). Because there is no individual statute governing an action in detinue, the Civil Practice Act is applied to the claim. *See Terminal-Hudson of Illinois v. Goldblatt Brothers, Inc.*, 51 Ill. App. 3d 199, 204, 366 N.E.2d 486, 490, 9 Ill. Dec. 229, 233 (Ill. App. 1977); *Martin*, 331 Ill. App. 597, at 599, 73 N.E.2d at 634. Accordingly, "plaintiff's right of recovery in this matter is to be determined in accordance with the pleadings and proofs presented." *Terminal-Hudson*, 51 Ill. App. 3d at 204, 366 N.E.2d at 490, 9 Ill. Dec. at 233. The essence of an action in detinue is that the defendant is wrongfully in possession of personal property belonging to plaintiff. *See Gary Acceptance Corporation v. Napilillo*, 86 Ill. App. 2d

---

[2] In *Janke*, the 7th Circuit pointed to a 5th Circuit decision in its reasoning. Citing to *Dotschay v. National Mutual Ins. Co.*, 246 F.2d 221, 223 (5th Cir. 1957), the court noted: "the complaint is not to be dismissed because plaintiff's lawyer has misconceived the proper legal theory of the claim, but is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, regardless of whether it asks for the proper relief."

[3] Regardless, "matching facts to a legal theory was an aspect of code pleading interred in 1938 with the adoption of the Rules of Civil Procedure." *Albiero*, 122 F.3d at 419.

4

257, 261, 230 N.E.2d 73, 76 (Ill. App. 1967). Detinue actions require certainty in the identification of the property demanded and its value. *See Martin*, 331 Ill. App. at 600-01, 73 N.E.2d at 634.

Defendants' sole argument with respect to plaintiff's detinue claim is that a common law claim for detinue is not necessarily the same as a statutory claim for replevin. Therefore, defendants conclude, RLC should not be saved from mistakenly bringing forth an action in replevin. Both detinue and replevin "give to the plaintiff his property in specie, or alternatively; if it can not be found, its value. But since by replevin it is taken from the defendant before the right is finally determined, a bond is properly required of the plaintiff for its return if that shall be awarded; while in detinue, his possession remaining undisturbed until after final judgement against him, no such bond is required." *Robinson v. Peterson*, 40 Ill. App. 132, 1890 WL 2529, * 2, (Ill. App. 1890); *see also, Kwasniewski v. Bultinck*, 42 Ill. App. 2d 335, 192 N.E.2d 436 (Ill. App. 1963) (distinguishing replevin from detinue).

RFC adequately states a claim under the common law doctrine of detinue by alleging both essential elements of the claim. First, RFC sufficiently alleges that defendants are in wrongful possession of its property. In its complaint, RFC claims that defendants are in default under the terms of the lease of property. (Compl. at ¶22.) RFC further claims that it is entitled to possession of the leased equipment, which defendants possess. (Compl. at ¶¶ 20, 26.) Clearly the character of defendants' unlawful possession and plaintiff's right to possession is established by the complaint. Next, RFC repeatedly describes the property at issue and its value. (Compl. at ¶¶ 16; Pl.'s Ex.2, 5.)

Granting dismissal of a complaint under Rule 12(b)(6) essentially prevents the non-moving party from having its day in court and prevents the undertaking of the discovery process.

In other words, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.E. 2d 80 (1957). Here, it is premature to determine that plaintiff is not entitled to any remedy for defendants' alleged possession of plaintiff's personal property beyond the terms of the lease between the parties. RFC's complaint sufficiently states a claim for the "return of the property or, if the property...[cannot] be restored, a judgement in the amount of the property's value." *Mineika v. Union Nat'l Bank of Chicago*, 30 Ill. App. 3d 277, 283, 332 N.E.2d 504, 509 (Ill. App. 1975).

## CONCLUSION

For the foregoing reasons, the Court denies defendants' motion to dismiss Count II of the complaint (#8-1).

SO ORDERED

ENTERED: 8/18/00

*[signature]*

HON. RONALD A. GUZMAN
United States Judge