# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 180 | **DATE** | 9/30/2002 |
| **CASE TITLE** | RELATIONAL FUNDING CORP. vs. SEIMENS INFORMATION ,etc.,et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff RFCs motion for summary judgment [38-1] is granted in part and denies in part, Defendant Seimens Information's motion for partial summary judgment is granted [40-1], Defendant Seimens Finance/Credit's motion for summary judgment is denied [42-1], and Seimens Defendant Longhorn's motion for summary judgment [46-1] is granted in part and denied in part. The parties motions to strike [89, 91 & 99-1} are stricken as moot. The parties are to contact the Courtroom Deputy to schedule a prove-up hearing as to the alleged

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | SEP 30 2002 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 101 |
| | Mail AO 450 form. | | Docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| TBK | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**SEP 3 0 2002**

| | |
|---|---|
| RELATIONAL FUNDING CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| SEIMENS INFORMATION AND ) | 00 C 0180 |
| COMMUNICATIONS NETWORKS, ) | |
| INC. fka Seimens Business ) | |
| Communication Systems, Inc., ) | |
| ) | |
| Defendant and Cross-claimant, ) | |
| ) | |
| SEIMENS FINANCIAL ) | |
| SERVICES, INC. fka Seimens Credit ) | |
| Corporation, ) | |
| ) | |
| Defendant and Cross-claimant, ) | |
| ) | |
| LONGHORN SYSTEMS, INC., ) | |
| ) | |
| Cross-defendant and ) | |
| Cross-claimant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Relational Funding Corp. ("RFC") has sued Defendants Seimens

Information and Communications Networks, Inc. (" Seimens Information") and Seimens

Financial Services, Inc. ("Seimens Finance/Credit"), Seimens Business Communication

Systems, Inc[1] and Longhorn Systems, Inc. ("Longhorn") for breach of contract and

---

[1]Seimens Information is the successor-in-interest to Seimens Business Communication
Systems.

1

101

replevin.[2]  All Defendants have filed cross claims against RFC as well as each other primarily alleging breach of contract.   Pending are the following motions: (1) RFC's motion for summary judgment as to the Seimens Information and Seimens Finance/Credit; (2) Seimens Information's motion for partial summary judgment as to Count 1; (3) Seimens Finance/Credit's motion for partial summary judgment as to Count IV; and (4) Defendant Longhorn's motion for summary judgment as to Plaintiff RFC and Defendants Seimens Information and Seimens Finance/Credit.

Also pending are three motions to strike filed by both Seimens Defendants as well as Longhorn.  For the reasons set forth below RFC's motion for summary judgment is granted in part and denied in part, Seimens Information's motion for partial summary judgement as to Count I is granted, Seimens Finance/Credit's motion for summary judgment is denied, and Longhorn's motion for summary judgment granted in part and denied in part.  The motions to strike are stricken as moot.

## BACKGROUND FACTS

On April 23, 1997 Seimens Information, as lessee, entered into an agreement with Seimens Finance/Credit, as lessor.  That agreement was entitled the "Master Equipment Lease Agreement" and was designated contract number 009-0001027-000. The terms of the Master Lease contemplated that, subsequent to Seimens Information and Seimens Finance/Credit execution thereof, a series of "schedules" to the Master Lease would be executed by the parties whereby each schedule would serve as  Seimens Information's lease of a particular batch of equipment.   The Master Lease Agreement

---

[2]The replevin count is only against the Seimens Defendants.

governed the general terms pursuant to which Seimens Finance/Credit provided lease

financing for the lease of the 286 laptop computers and was divided into approximately

twelve lease schedules.

On or about September 30, 1997 Seimens Finance/Credit and Seimens

Information entered into Lease Schedule numbered 009-0001057 ('Schedule 1057") to

the Master Lease. Schedule 1057 governed the specific transaction pursuant to which

Seimens Finance/Credit agreed to provide Seimens Information with financing for

Seimens Information lease acquisition of 286 Dell laptop computers costing

$1,041,553.80.  The Master Lease contained the following notice provisions at ¶ 13

which stated the following:

> Notices, requests or other communications required under the Lease to be
> sent to either party shall be in writing and shall be (a) by United States
> first class mail, postage prepaid, and addressed to the other party at the
> address specified above (or such other address as such party shall have
> designated by proper notice) or (b) by personal delivery...

The term " personal delivery was not defined in the Master Lease.

Schedule 1057 included a later negotiated two page addendum, entitled "Contract

Addendum #1which incorporated the terms of the Master Lease.  Paragraph 16 of

Contract Addendum #1 read as follows:

> **16. END OF OPTIONS:** Lessee shall have the following end of term
> options with respect to the equipment...(c)in the manner as provided in
> Section 11 of the Agreement, except as otherwise provided herein, and
> provided Lessee has given Lessor written notice not less than 90 days
> before expiration of the Lease Term, Lessee may return selectively any
> combination of units of equipment on any Leasing Schedule.  Lessee
> agrees to return units of and after the expiration of the Lease Term,
> dividing the population of return units over three consecutive 30 day
> return period and bill monthly for those units of equipment returned
> during the two remaining periods. Lessee may return any unit of
> Equipment on a 'like for like" configuration basis.  In the event Lessee

fails to give Lessor written notice with respect to Lessee's end of the term options in the manner and as provided herein and in the Agreement, the Lease shall automatically renew for successive one month terms at the same rent as provided in the Leasing Schedule for the Lease Term until Lessee provides Lessor 90 days prior written notice to terminate the renewal term and returns the equipment as provided in Section 112 of the Agreement. (Check this quote for accuracy)

(Seimens ¶ 24)

The Schedule 1057 equipment was delivered to and accepted by Seimens information on or about September 29, 1997. On September 29th, 1997 Seimens Finance/Credit sold the lease and the equipment under the lease to Longhorn in return for Longhorn's agreement to make an up-front cash payment to Seimens Finance/Credit and to provide a non-recourse promissory note for the balance of the purchase price. (Finance ¶ 21.) Longhorn, Seimens Finance/Credit and Seimens Information all executed a Notice and Acknowledgment of Sale And Assignment. The terms of the notice provision provided the following:

"Lessee will not enter into any sublease or modify or amend the Lease in anyway without prior written consent of Longhorn and will send copies of all notices to Longhorn as above referenced transaction, the parties hereto further agree that Seimens Credit Corporation, as intermediary of Longhorn and Lessee, and not as agent, shall interface and negotiate with Lessee and Longhorn regarding all aspects of asset management of the Equipment and all of the Lease options (i.e. return of Equipment, extensions of the lease term or purchase of the Equipment).

(RFC ¶ 25.)

It is undisputed that Seimens Finance/Credit had input into the inclusion of the term "intermediary and not as agent" language in the Seimens Finance/Credit–Longhorn Notice And Acknowledgment Of Sale and Assignment. On December 1, 1997, Longhorn sold its interest in Lease Schedule 1057 to RFC. (Finance/Credit ¶ 23.) It is

4

undisputed that Seimens Information was not a signatory to this second assignment and did not find out about this second assignment until sometime in 1999.  As part of this second lease sale, Seimens Finance/Credit, Longhorn, and RFC executed a separate Notice And Acknowledgment Of Sale and Assignment. Paragraph 4 of this Notice and Acknowledgment Of Sale and Assignment provided the following:

> Subject to the rights of Seimens Credit Corporation, RFC shall have all of the benefits of the Lessor as set forth in the Lease.  Longhorn will not modify or amend the Lease in anyway without the prior written consent of RFC and will send copies of all notices to RFC as Lessor. Notwithstanding anything to the contrary contained in any other document arising out of or relating to the above referenced transaction, the parties hereto further agree that Seimens Credit Corporation, as an intermediary of RFC through Longhorn and Lessees, and not as agent, shall interface and negotiate with Lessees through Longhorn regarding all aspect of asset management of the Equipment and all end of the Lease options (i.e. return of the Equipment, extension of the lease term or purchase of the Equipment), provided however that if there has been no final determination of Fair Market Value or Fair Market Rental Value within 30 days after Lessee's notice to Lessor or Lessee's intention to purchase the Equipment or renew the initial term of the Lease, RFC may elect to contract, and directly communicate with Lessee and Lessee agrees to communicate directly with RFC in such event.

Notice and Acknowledgment Of Sale And Assignment dated 11/21/97, ¶4.

As early as August of 1998, Seimens Information began soliciting bids to replace the computers held under the Master Lease, including Schedule 1057, with more modern equipment ("Refresh program") (Finance/Credit ¶ 52.)   Longhorn submitted a bid to Seimens Information, through Seimens Finance/Credit. (Finance/Credit ¶ 55.) One of the purposes of this meeting with the bidders, for the upgrade, was to ensure that the

leased computers would be returned in a timely manner, in order to facilitate replacement of the leased computers with newer models. (Finance/Credit ¶ 57.)

On or about January 12, 1999 Seimens Information sent Seimens Finance/Credit an e-mail stating the following:

> January 31 is [Seimens Information's] required due date of the 90-day advance notice of intent to terminate the 24-month lease of 1200 laptops ending 4/30/99. Please advised to whom to address this notice and to what postal or email address to send it.

On or about January 13, 1999 Seimens Finance/Credit e-mailed Seimens Information back in response to their January 12th e-mail advising Seimens Information to send the notice to terminate the schedule ending April 1999 "via fax and hard copy on [Seimens Information] stationery" to Seimens Finance/Credit.

On January 28, 1999, Seimens Information faxed Seimens Finance/Credit its notice of intent to return the computer equipment at the end of the lease term. It is undisputed that Seimens Information forwarded it January 1999 letter to Seimens Finance/Credit as opposed to Longhorn to be consistent with Seimens Information request that it only communicate with Seimens Finance/Credit. It is also undisputed that Gary Plewak of Longhorn had knowledge of Seimens Information intent to return the laptops as evidenced by his e-mail of Feb 15, 1999 as well as other evidence. Seimens Finance/Credit then erroneously forwarded the January 1999 notice to CSA, the Lessor/Assignee of the first three schedules to the Master Lease but not the fourth.

On February 19, 1999 Seimens Information sent Seimens Finance/Credit an additional e-mail which was forwarded to Longshore clarifying the time schedule regarding return of the equipment as well as the fact that Seimens Information was

6

planning to return them in odd number batches from the locations they were shipped to.

On or about February 23, 1999, Longhorn e-mailed Seimens Finance/Credit in response to Seimens Information e-mail as follows:

Regarding the return plan [set forth in Seimens Information's February 19, 1999 e-mail, do they understand that the return payments are not optional? The return payments are incorporated into all of the schedules for Seimens Information.

On April 6, 1999 Esther Holst of Seimens Information e-mailed Seimens Finance/Credit stating the following:

Patrick-Sorry we did not get a chance to talk live. I wanted to let you know of our intentions regarding return of the laptops coming off lease. We are on track to return the laptops as the leases expire on the phased schedule stipulated in the lease agreement. Thus, the first 400 units will be in your hands by May 31. Please provide specific shipment instructions such as ship-to name, ship-to address, any identifying labels we should affix to the box, etc. Since we never received and employee purchase price from you, we will not be offering this option to our employees. Therefore, the return quantity will be the full quantity due.

Seimens Information did not receive a response to this e-mail.

On or about September 1, 1999 Seimens Information circulated an internal e-mail which indicated in part:

Please be aware that...[Seimens Finance/Credit] has seemingly abandoned the entire laptop lease transaction with [Seimens Information] and we are now attempting to deal directly with the different financing parties that Seimens Finance/Credit brought into the contract and their brokers. This is a vulnerable position for [Seimens Information]...

7

Sometime in September of 1999 Longhorn's Gary Plewak asked Siemen's Finance/Credit whether Seimens Information provided written notice for the termination of Schedule 1057. Seimens Finance/Credit responded that Seimens Information had provided formal written notice.

On September 15, 1999, having been informed by Longhorn that Longhorn did not receive Seimens Information January 1999 letter, Seimens Information sent Seimens Finance/Credit a letter with a captioned reference to the Master Lease as well as the January 1999 letter. Seimens Information repeated its intention to terminate the various leases and attached a table which set out Seimens Information prior notice of intent to terminate as well the various expiration dates.

On September 20, 1999 Seimens Information e-mailed Seimens Finance/Credit and asked Seimens Finance/Credit to communicate to Longhorn Seimens Information's intent to terminate the lease, advise Seimens Information of the new return location and to provide written communication that Seimens Information has met and exceeded the leased laptop return commitments .

It was not until September 22, 1999 that Seimens Finance/Credit first discussed return of the laptops with RFC. RFC would not accept return of the laptops unless and until Seimens Information gave the required notice of termination of Schedule 1057 in accordance with the terms and conditions of the Master Lease and Schedule 1057.

After the expiration of the lease term, RFC declared Seimens Information in default and demanded payment for lost value. (RFC ¶ 62.) In November 1999, RFC provided Seimens Finance/Credit and Seimens Information with the address for the return of the equipment under Lease Schedule 1057. (RFC ¶ 67.) According to RFC,

8

the equipment was not properly shipped to the return address. (RFC ¶ 70.) RFC further suggests that the equipment was not returned in total, and the equipment returned was not in satisfactory condition. (RFC ¶ 74.)

## DISCUSSION

Summary judgment is proper when a party in opposition to the motion does not make a sufficient showing establishing an essential element of its case that the party would bear the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating an absence of material facts, entitling it to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). After viewing the evidence in a light most favorable to the non-moving party a summary judgment motion should be granted when there are no issues of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

The Seventh Circuit has recognized that "summary judgment is particularly appropriate in cases involving the interpretation of contractual documents. *Ryan v. Chromalloy American Corp.*, 877 F. 2d 598, 602 (7th Cir. 1989)(citing *Metalex Corp. v. Uniden Corp. of America*, 863 F. 2d 1331, 1333 (7th Cir. 1988). In that context, "summary judgment should be entered only if the pertinent provisions of the contractual documents are unambiguous; it is the lack of ambiguity within the express terms of the contract that forecloses any genuine issues of material fact." *Ryan*, 877 F. 2d at 602. If the district court determines that the pertinent provisions of the contract are unambiguous, it need not consider extrinsic evidence." *Id.* "At that point, the district court should proceed to declare the meaning of these provisions." *Id.*. With these

principles in mind we turn to the issues presented in the parties cross motions for summary judgment.

At issue is whether the Defendants' breached the terms of the Master Lease Agreement as well as the other applicable agreements. Not surprisingly, RFC claims that all three Defendants breached the terms of the applicable agreements, when Seimens Information notice of intent to terminate the lease was not properly provided to RLC. All parties agree that New Jersey law governs questions concerning the Master Lease Agreement. (Credit ¶ 13.); (RFC's Resp. ¶ 13.) However, RFC and Longhorn agreed to apply Illinois law in resolving any disputes under the Notice And Acknowledgment of Sale And Assignment Agreement assigning Longhorn's interest in Schedule 1057 to RFC. (RFC ¶ 32.); (Longhorn's Resp. ¶ 32.)

Under New Jersey law there are four elements necessary to demonstrate breach of contract. "In a breach of contract action, the plaintiff satisfies its pleading requirement if it alleges a (1) contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that plaintiff performed its own contractual duties." *Public Serv. Enter. Group, Inc. v. Philadelphia Elec. Co.*, 722 F. Supp. 184, 219 (D.N.J. 1989).

In Illinois, the elements necessary to establish breach of contract are almost identical. "In order to successfully state a cause of action for breach of contract a party must allege (1) the existence of a valid and enforceable contract; (2) breach of contract by the defendant; (3) plaintiff's performance of all conditions required of him; (4) and existence of damages as a consequence of breach." *Rajkovich v. Alfred Mossner Co.*, 557 N.E.2d 496, 500 (Ill. App. Ct. 1990). Therefore, in order to prevail against any one of the Defendant's RFC must meet essentially the same burden of proof.

The question is whether the lack of notice to RFC created a breach of contract, and if so, which party is ultimately responsible for the breach. Sufficient notice of contractual termination is "[s]uch notice or information of a fact as may fairly and properly be expected or required in the particular circumstances" and, therefore, is a question of fact. *Black's Law Dictionary 1211* (4th ed.).

## I. RFC'S MOTIONS FOR SUMMARY JUDGMENT AS TO SEIMENS INFORMATION AND SEIMENS FINANCE/CREDIT

RFC alleges that no questions of material fact remain as to Seimens Information's and Seimens Finance/Credit's liability for breaching the terms of the Master Lease Agreement, specifically Schedule 1057, its Addendum, as well as the Notice And Acknowledgment Of Sale And Assignment. We disagree.

### (A) Seimens Information

RFC alleges Seimens Information breached the Master Lease Agreement in the following four ways: (1) by not providing timely notice; (2) by failing to return the equipment pursuant to the terms of Schedule 1057; (3) the attempted return of the equipment did not conform with the schedule; and (4) the lack of notice of Seimens Information's change in business structure.

As to the first alleged breach we find that Seimens Information's facsimile letter of January 28, 1999 sufficiently satisfies the notice requirements as set forth in paragraph 16 of the Addendum to the Master Lease. In determining whether Seimens Information gave proper notice for termination of Schedule 1057 the Court must interpret the Master Lease, Schedule 1057 and the Notice and Acknowledgment of Sale and Assignment. If there is any conflict between the terms of Addendum #1 and the terms of

11

the agreement, the terms of the Addendum shall control. (Par. 1 of Addendum #1 dated 9/29/97). Pursuant to paragraph 16 of the Master Lease Seimens Information was required to give Seimens Finance/Credit written notice not less than 90 days prior to the expiration of the Lease Term. It is undisputed that the lease term for the 1057 lease expired on September 30, 1999. It is also undisputed that on January 12, 1999 Seimens Information sent Seimens Finance/Credit an e-mail stating that January 31st is Seimens Information's required due date for the 90-day notice for the first set of equipment covered under the lease. Seimens Finance/Credit e-mailed Seimens Information back in response on January 12th advising them to forward this notice of termination via fax and hard copy. In response to this e-mail on January 28, 1999 a notice of termination was faxed by Arnie Testa, Vice President of Seimens Information, to Patrick McCort of Seimens Finance/Credit. This notice clearly stated that "we would also like to take this opportunity to notify you of ICN's intent to terminate the leases on this population of laptops (Leasing Schedules #s 1042, 1044, 1057 and 1064) when the respective leases expire. This notice clearly was in writing. The fact that a hard copy was faxed rather than mailed to Seimens Finance/Credit does not render this notice ineffective or untimely and this notice satisfies the "or such other address as such party shall have designated by proper notice of the contract" language in the Addendum.[3]

We disagree with Longhorn's position that this notice was ambiguous or not clear

---

[3]RFC complains about the fact that this notice sent more than 180 days prior to the September 30, 1999 expiration date in violation of ¶16 of the Master Lease. The Master Lease which is part of the record in the case does not have a ¶ 16 rather a ¶10 which refers to a 180 day notice in the event [the Lessee] is exercising the purchase option. This purchase option is not at issue in this case.

12

as to Siemen's Information's intent to terminate or that it failed to comply with the notice requirements. Moreover, the Notice and Acknowledgment of Sale and Assignment which was entered into by Seimens Information, Seimens Finance/Credit and Longhorn required Seimens Information to send copies of notices to Longhorn with respect to subleasing, modifications or amendments to the lease only. The Notice and Acknowledgment requires Seimens Information to give notice of its intent to terminate directly to Seimens Finance/Credit. A plain reading of this letter clearly reveals that Seimens Information planned to terminate a number of its leases upon the respective expiration dates. The fact that the body of the letter referenced the 1057 lease and not the caption of the letter is insufficient as a matter of fact to render its notice ambiguous. The letter clearly referenced the 1057 lease and Seimens Finance/Credit acknowledged this notice and instructed Siemen's Information to send the notice to terminate via fax and hard copy on Seimens Information letterhead. Moreover, on April 06, 1999, Esther Holst from Seimens Information e-mailed Patrick McCort at Siemen's Finance Credit reiterating Seimens Information's intent to return the laptops "as they expired on the phased schedule stipulation in the lease agreement (RLC's Exhibit #6). At this time Holst asked that she be provided with specific shipment instructions such as ship to name, ship-to address, any identifying labels to be affixed to the box. A response to Holst was not made by Seimens Finance/Credit in a timely fashion.

The Notice And Acknowledgment Of Sale and Assignment dated 11/7/97 entered into between Seimens Finance/Credit and Longhorn does little or nothing to change to the notice requirements under the Master Lease as to Seimens Information responsibilities. Furthermore, it is undisputed that Seimens Information was never given

13

notice of Longhorn's sale of the 1057 lease to RFC at the time the transaction took place and therefore Seimens Information would have no idea until sometime later that RFC was now the Lessor. Rather, only Seimens Finance/Credit was given notice of the Longhorn–RFC assignment and it can only be concluded that Seimens Information acted pursuant to the terms of the agreements they had knowledge of and no other.

Because it is undisputed that Seimens Finance/Credit has no evidence of mailing said notice, and Seimens Finance/Credit carried the responsibility of giving proper notice to Longhorn and Longhorn to RFC during the time in question, the breach can only fall upon Seimens Finance/Credit's shoulders. Because it is undisputed that Seimens Information gave notice to Seimens Finance/Credit regarding its intent to terminate we conclude that RFC's motion for summary judgment as to Seimens Information must be denied and Seimens Information's cross motion as to Count I granted.

RFC next alleges Seimens Information breached the Master Lease Agreement in its failure to return the equipment as required by Schedule 1057. It is undisputed that Seimens Information initially attempted to return the equipment to the wrong broker but it is also undisputed that Seimens Information did not have the correct address to which these laptops needed to be returned. Once again, Seimens Finance/Credit failed to shoulder its responsibility. It failed to inform Seimens Information of the proper return entity and Seimens Information was clearly at a loss. Hence, RFC's motion for summary judgment is denied as to Seimens Information's failure to return the equipment as required by Schedule 1057.

RFC further alleges the equipment which was returned was in non-conformance

14

with terms of the agreements. In response, Seimens Information claims RFC rejected the equipment in bad faith. RFC asserts a minimal percentage of the computers were returned in acceptable condition; Seimens Information in turn claims that a higher percentage (but not 100%) of the first installment of computers were returned in acceptable conditions under the terms of Schedule 1057. This unresolved issue goes to the question of damages. The Court has no evidence before it regarding the condition of the laptops this issue, therefore, will be resolved later in this litigation. Thus, RFC's motion for summary judgment is denied as to non-conformance of the returned computer equipment.

Finally, RFC claims that Seimens Information breached the terms of the Master Lease Agreement when it did not provide notice of a change to its corporate structure. Seimens Information responds that notice was provided to Seimens Finance/Credit and Longhorn as required by the terms of the Notice and Acknowledgment of Sale and Assignment on September 29, 1997. Further, RFC does not allege how this breach caused damages as required under New Jersey law. *Public Serv. Enter. Group, Inc.*, 722 F. Supp. 184. In fact, RFC stated that all required payments under the initial lease term were met by Seimens Information. (RFC ¶ 40.) In light of these undisputed facts, RFC's motion for summary judgment is denied on this fourth ground also.

### (B) Seimens Finance/Credit

In Count IV of its First Amended Complaint, RFC alleges that Seimens Finance/Credit breached its contract with RFC under Master Lease and the Notice of Acknowledgment of Sale and Assignment when it failed to notify Seimens Information of RFC's existence, failed to notify RFC of Seimens Information's intent to return the

leased laptops at the end of the lease period and failed to notify RFC's agent Longhorn of what Seimens Finance/Credit knew of Seimens decisions.

As to Seimens Finance/Credit we find that Seimens Finance/Credit breached its duty to give Longhorn and thus RFC written notice of Seimens Information's intent to terminate the lease. It is undisputed that Seimens Finance/Credit contractually obligated itself to serve as the intermediary between Longhorn and Seimens Information as well as Longhorn and RFC. Seimens Finance/Credit agreed to perform certain duties to "interface and to "negotiate' (¶ 4 of the Notices And Acknowledgment of Sale and Assignment dated 11/16/97 and 11/21/97). Seimens Finance/Credit signed the two Notices and Acknowledgments of Sale And Assignment relating to Schedule 1057 which read, " the parties hereto further agree that Seimens Credit Corporation, as intermediary of Longhorn and Lessee, and not as agent, shall interface and negotiate with Lessee and Longhorn regarding all aspects of asset management of the equipment and all of the lease options (i.e. return of the equipment, extension of the lease term or purchase of the equipment). Because there is no dispute that either Longhorn or RFC did not received timely notice of Seimens Information's lease-end intentions and because it is undisputed that Seimens Information forwarded its notice before the 90 day period expired to Seimens Finance/Credit summary judgment is granted in RFC's favor and against Seimens Finance/Credit on this issue.

The contracts at issue, however, raise no duty on behalf of Seimens Finance/Credit to notify Seimens Information of RFC's existence. Hence, RFC's motion for summary judgment is granted on the breach of notice claim only and denied as to Siemens Finance/Credit's alleged breach for failing to inform Seimens Information of

16

RFC's existence.

## II. SEIMENS INFORMATION'S CROSS MOTION FOR SUMMARY JUDGMENT AS TO COUNT I OF RFC'S AMENDED COMPLAINT

Seimens Information cross moves for summary judgment as to Count I of RFC's first amended complaint. Count I of the complaint alleges that Seimens Information breached the lease agreement by its failure to provide proper notice of its intent to terminate the Schedule 1057 lease. For the reasons set forth above Siemen Information's cross motion for summary judgment is granted as to Count I of RFC's amended complaint.

## III. SEIMENS FINANCE/CREDIT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT IV OF RFC'S AMENDED COMPLAINT

For the reasons set forth above Seimens Finance/Credit's cross motion for summary judgment is denied as to Count IV of RFC's amended complaint. Seimens Finance/Credit carried the contractual responsibility of forwarding Seimens Information's notice of intent to non-renew Schedule 1057. While it is undisputed that Longhorn had ongoing knowledge that Seimens Information intended to terminate Schedule 1057 Longhorn's duty to forward this notice did not commence until such time as it had received this notice from Seimens Finance/Credit.

The e-mail communications and the conversations between the two Seimens corporations and Longhorn while establishing actual knowledge on Longhorn's part are insufficient as a matter of law to satisfy the notice obligations required under the agreements and it was not until September of 1999 that Longhorn, for the first time, received proper notice.

To be sure, New Jersey does recognize that a party has notice "when the [party]

has actual knowledge of it." N.J. Stat. Ann. §12A:1-201(25)(a) (West 2001). However, New Jersey statute also provides that the parties may contract for specific terms not contemplated by the code. "[T]he parties may by agreement determine the standards by which the performance of such obligations is to be measured." N.J. Stat. Ann. §12A:1-102(3) (West 2001).

Here, the parties agreed to written notice concerning end of lease provisions as provided for in the Master Lease Agreement. The terms of that agreement were adopted by RFC, Longhorn, and Seimens Finance/Credit in their Acknowledgment of Sale and Assignment Notices. (Longhorn Ex. 16.) Seimens Finance/Credit agreed to act as intermediary and send copies of such notices to RFC. (Seimens Finance/Credit Cross-Claim ¶ 5.) It is undisputed that Seimens failed to forward proper notice. Hence, Seimens Finance/Credit's motion for summary judgment as to Count IV of RFC's complaint is denied.

### IV. LONGHORN'S MOTIONS FOR SUMMARY JUDGMENT AS TO SEIMENS INFORMATION, SEIMENS FINANCE/CREDIT AND RFC

In Count III of its first amended complaint RFC has sued Longhorn for breach of contract and indemnification. In support of its breach of contract claim RFC contends that Longhorn breached Paragraphs 5 and 8 of the Purchase And Sale Agreement which obligated Longhorn to promptly provide RFC with a copy of all notices received from Seimens Information and pursuant to the terms of the Master Lease, including but not limited to notification as to the lessee's intent to return the equipment at the end of the

original lease term.[4] RFC claims that Longhorn failed to fulfill its notice obligations in a timely manner and seeks indemnification from Longhorn pursuant to paragraph 10A of the Purchase and Sale Agreement.

### (A) Longhorn v. Seimens Information

Longhorn's motion for summary judgment as to Seimens Information is denied. The undisputed facts reveal that Seimens Information gave proper notice to Seimens Finance/Credit more than 90 days prior to the end of the lease. Longhorn's argument that Seimens Information January 28, 1999 notice was actually not effective notice is insufficient as a matter of law. This letter when read in context clearly sets forth Seimens Information's termination decision for a number of the leasing schedules under the Master Lease including Schedule 1057. In particular, the termination letter states that it is notification of Seimens Information's "intent to terminate the leases on this population of laptops (Leasing Schedules 1042, 1044, 1057 and 1064) when the respective laptops expire." It cannot be concluded that termination of Schedule 1057 was an after thought as Longhorn argues. Furthermore, as a matter of law it cannot be concluded that Seimens Information is a third party to this contract. The Longhorn/RFC Notice and Acknowledgment of Sale and Assignment is devoid of any express declaration that Seimens Information was intended as a third party beneficiary. There is no clause in any contract expressly conferring such status upon Seimens Information. *See Ahern v. Chicago Board of Education,* 133 F. 3d 975, 983 (7th Cir. 1998). As to Seimens

---

[4]RFC also argues that Longshore breached its obligations under Paragraph 8 of the Notice and Acknowledgement of Sale which we find irrelevant for purposes of the motion for summary judgment as the more specific terms regarding lease end notices govern this dispute.

Information misrepresentation claim against Longhorn it is clear that no material facts have been raised to support such a claim. No facts supporting any misrepresentation on Longhorn's part, any duty on behalf of Longhorn or evidence of reliance have been offered by Seimens Information or Seimens Finance/Credit. Hence, Longhorn's motion for summary judgment as to Seimens Information is denied and Seimens Information's cross motion granted on the notice ground but denied on the indemnification and misrepresentation ground.

### (B) Longhorn v. Seimens Finance/Credit

As to the failure to give notice we find that Seimens Financial/Credit failed to give the required notice to Longhorn because it is undisputed that Longhorn never received Seimens Finance/Credits' notice prior to September 1999. The e-mail communications and the conversations between the two Seimens corporations and Longhorn are insufficient as a matter of law to satisfy the notice obligations required under the agreements and it was not until September of 1999 that Longhorn for the first time received proper notice.

New Jersey does recognize that a party has notice "when the [party] has actual knowledge of it." N.J. Stat. Ann. §12A:1-201(25)(a) (West 2001). However, New Jersey statute also provides that the parties may contract for specific terms not contemplated by the code. "[T]he parties may by agreement determine the standards by which the performance of such obligations is to be measured." N.J. Stat. Ann. §12A:1-102(3) (West 2001).

Here, the parties agreed to written notice concerning end of lease

20

provisions as provided for in the Master Lease Agreement. The terms of that agreement were adopted by RFC, Longhorn, and Seimens Finance/Credit in their Acknowledgment Notice. (Longhorn Ex. 16.) Seimens Finance/Credit agreed to act as intermediary and send copies of notices to RFC. (Seimens Finance/Credit Cross-Claim ¶ 5.) To be sure, a party's course of conduct waives strict compliance with a contractual provision and can result in forfeiture, i.e. *Smith v. Sturgeon*, 35 Ill. App. 3d 750, 757, 342 N.E. 2d 420 (1976) but it is undisputed that Seimens Finance/Credit did in fact forward Seimens Information's notice of termination but they forwarded it to the wrong party. Hence, even though it is undisputed that Longhorn had knowledge of Seimens Information's intent to return the laptops it cannot be concluded that Longhorn's course of conduct waived strict compliance the provisions of the contract.

### (C) Longhorn v. RFC

Count III of RFC's first amended complaint alleged that Longhorn breached its contract with RFC when it failed to give notice to RFC pursuant to paragraphs 5and 8(h) of the Purchase and Sale Agreement. These paragraphs provide as follows:

> Longhorn "agrees to promptly provide [RFC] with a copy of all notice received from" SCRC, SBCS/SICN or any third party regarding the equipment "including any taxing authorities or any vendor or manufacturer of the Equipment"

¶5

> Longhorn "has or will provide any and all notice and obtain any and all consents which may be necessary to the completion of the transaction contemplated hereby.

¶8(i)

Addressing ¶8(i) first, it is undisputed that Longhorn complied with its obligations set forth therein and bears no relevance to the issues at hand. RFC concedes

that the sale of Schedule 1057 was consummated. As to paragraph 8(i) Longhorn it is undisputed that Longhorn complied with the notice requirements under this paragraph once it was put in the position of having received notice. We agree with Longhorn that RFC's interpretation of this clause to hold Longhorn liable or to be indemnified by Longhorn for any failures, misrepresentations, breaches etc. is misplaced. This interpretation of ¶8(i) is inconsistent with the indemnity provision of the purchase and sale agreement, which requires Longhorn to indemnify RFC for losses "which [RFC] may incur by reason of any breach by [Longhorn] of any of its warranties, representations, or obligations set forth herein or in any documents executed in connection herewith. (¶10(c)(i). We agree with Longhorn that this paragraph only indemnifies RFC for breaches committed by Longhorn not others. Because it is undisputed that Longhorn never received Seimens Information's notice until September 1999 a breach could not have occurred on Longhorn's part. The fact that Longhorn had communication and ongoing knowledge that the laptops would be returned upon termination of the lease or had discussions regarding the Refresh program is irrelevant for purposes of notice. The documents in question provided that Seimens Finance/Credit was to act as the initial intermediary in passing on notice from Seimens Information–something it failed to do.

## V. The Parties Motions to Strike

The parties motions to strike portions of the their Local Rule 56.1 statements are stricken as moot because the Court did not consider those portions of the submissions in deciding the cross motion for summary judgment.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion and Order, plaintiff RFC's
motion for summary judgment [# 38-1] is granted in part and denied in part, Defendant
Seimens Information's motion for partial summary judgment is granted [# 40-1],
Defendant Seimens Finance/Credit's motion for summary judgment is denied [# 42-1] ,
and Seimens Defendant Longhorn's motion for summary judgment [# 46-1] is granted in
part and denied in part. The parties motions to strike [##89, 91 & 99] are stricken as
moot. The parties are to contact the Courtroom deputy to schedule a prove up hearing as
to the alleged damages.

**SO ORDERED:**                              **ENTER**  *9.30-02*

**HON. RONALD A. GUZMAN**
**United States Judge**